# United States Court of Appeals for the Fifth Circuit

---

No. 23-50685
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 26, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Steven Frayer,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-64-1

---

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Joshua Frayer appeals his 151-month below-Guidelines sentence imposed following his conviction for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Frayer challenges the district court's application of a two-level enhancement for possession of a dangerous weapon under Sentencing Guideline

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

§ 2D1.1(b)(1), contending that he was never in possession of the weapon and that the Government failed to demonstrate a sufficient spatial and temporal connection between the weapon, the drug-trafficking activity, and the co-participant to the offense.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Although Frayer objected to the enhancement in district court, he did not do so on the grounds he asserts on appeal. Because he failed in that regard, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Frayer must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Guideline § 2D1.1(b)(1) provides for a two-level enhancement if "a dangerous weapon (including a firearm) was possessed" in connection with the offense. The Government must prove possession by a preponderance of the evidence. *United States v. Hooten*, 942 F.2d 878, 881 (5th Cir. 1991). To

prove possession, the Government may show that "defendant personally possessed the weapon by showing that a temporal and spatial relationship existed between the weapon, the drug trafficking activity, and the defendant". *Id.* at 882. Alternatively, if the firearm was possessed by "another individual involved in the commission of an offense", the Government may prove possession by demonstrating that "defendant could have reasonably foreseen that possession". *Id.* Our court has held that a district court "may ordinarily infer that a defendant should have foreseen a codefendant's possession of a dangerous weapon" when it is possessed during "concerted criminal activity" where the drug quantity supports finding an intent to distribute. *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990) (citation omitted). If the Government proves possession through either of these two methods, the burden shifts to defendant to show that it is "clearly improbable" that the weapon was possessed in connection with the offense. *United States v. Guidry*, 960 F.3d 676, 683 (5th Cir. 2020) (citation omitted).

The record shows that the firearm belonged to Frayer's co-conspirator and former stepson, J.R. The firearm was discovered in the apartment where both controlled buys took place and where a large quantity of drugs were stored for future distribution. Although Frayer did not reside in that apartment at the time of the offense, he had lived there with his ex-wife and J.R., and he continued to frequent the apartment for drug exchanges. Accordingly, the district court did not commit the requisite clear or obvious error in finding J.R.'s firearm possession was foreseeable to Frayer. *E.g.*, *Puckett*, 556 U.S. at 135.

Regarding there being no clear or obvious error, and as noted *supra*, Frayer maintains the Government must establish a temporal and spatial connection between the firearm, the drug-trafficking activity, and J.R. (the co-conspirator in the offense) for the firearm to be foreseeable to Frayer. Our

No. 23-50685

court, however, has not created such a requirement. *E.g.*, *Cisneros-Gutierrez*, 517 F.3d at 765–66 (reasonable foreseeability independently sufficient to prove personal possession). As stated, the requisite clear or obvious error is lacking.

AFFIRMED.